PETER E. POLLITT, PLAINTIFF-RESPONDENT, v. GENERAL CREDIT CORPORATION, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 26, 1934—Decided January 15, 1935.

For the defendant-appellant, *Charles Blum.*

For the plaintiff-respondent, *H. Kermit Green.*

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment entered in the Supreme Court (Passaic Circuit), upon a verdict of a jury in favor of the plaintiff for $1,050. Action had been instituted in replevin for the recovery of a certain automobile,

but during the course of the trial possession was waived and a verdict sought for money damages only.

One Ralph Atkins was a dealer in new and used Pierce Arrow and Lincoln automobiles, who transacted his financing on conditional bills of sale through the defendant corporation. On July 1st, 1931, Atkins sold a certain Pierce Arrow automobile to Van Harken on a conditional sale contract which was assigned to the defendant along with the original bill of sale. The contract was duly filed in Passaic county.

Some time before November 10th, 1931, Van Harken returned the automobile and received trade-in credit for the same on the purchase of a new Lincoln automobile. Payments amounting to $280 remained unpaid on the conditional sale contract, but there was testimony that Van Harken settled this claim by payment to Atkins.

Upon the return of the Pierce Arrow by Van Harken, Atkins called Agresti, manager of the defendant, and the one with whom all his dealings with defendant were carried on, and told him of the trade-in and that Van Harken would continue to make payments, although the automobile was being traded in. No objection to the trade-in was made by Agresti and the automobile was placed on Atkins' show room floor for exhibition and sale.

On November 10th, 1931, the plaintiff negotiated with Atkins for the purchase of the automobile, which negotiations were consummated on November 29th, 1931. At that time title papers were assigned to the plaintiff, in which there nowhere appeared the name of Van Harken, nor was any information given as to the previous conditional sale contract. The first title paper to the plaintiff was marked "duplicate," but the same was accepted by the department of motor vehicles, and a license issued. The plaintiff continued to use the automobile without question until June, 1933.

On June 6th, 1933, the plaintiff was induced by misrepresentations to release possession of the automobile to the defendant. Demand by the plaintiff for possession was refused on June 8th, 1933, and the action from which this appeal arises was instituted the following day.

Eight grounds of appeal were raised by the defendant, two of which (5 and 8) were not argued and are, therefore, considered waived. The fourth, sixth and seventh grounds of appeal are directed at the charge of the trial court, but will not be considered here since they are not based on any exception taken. *Brodsky* v. *Red Raven Rubber Co.*, 111 *N. J. L.* 453.

The first ground of appeal is:

"The court erred in permitting the witness, Ralph Atkins, to testify as to the value of the automobile." We find no substance in this point, first, because the ground of appeal fails to state the questions or answers objected to and ruled upon by the trial judge (*Carlisle* v. *Winant*, 110 *N. J. L.* 333), and secondly, because Atkins, being an expert, was competent to testify to the value of the car even though he had not seen it at the precise time to which his evidence was directed. *New Jersey Manufacturers' Association Fire Insurance Co.* v. *Galowitz*, 106 *Id.* 493.

The second ground of appeal is based upon an exception to the failure of the trial court to charge as to the full and specific title of the Motor Vehicle Bill of Sales act. *Pamph. L.* 1931, *ch.* 166. Since a complete summary of this act was given in the charge, a failure to give the full title can hardly be prejudicial error. *Hintz* v. *Roberts*, 98 *N. J. L.* 768.

The only ground of appeal actually meriting consideration is the third, which is directed at the refusal of the trial court to charge as follows: "Upon default under the terms of the duly filed conditional sales contract in payment by Van Harken, the General Credit Corporation had the right to repossess the automobile, no matter in whose hands it might be."

This request is defective in assuming that if the jury had found a default on the part of Van Harken, this fact alone would be conclusive as to the rights of Pollitt. There was no reservation in the request to provide for the finding of an implied consent to resale, which is the basis of the plaintiff's claim.

Section 9 of the Conditional Sales act (*Pamph. L.* 1919,

*ch*. 210, *p*. 463) provides: "When goods are delivered under a conditional sale contract and the seller expressly or impliedly consents that the buyer may resell them prior to performance of the condition, the reservation of property shall be void against purchasers from the buyer for value in the ordinary course of business, and as to them the buyer shall be deemed the owner of the goods, even though the contract or a copy thereof shall be filed according to the provisions of this act." As applied to this case, the question which arises is whether the defendant "expressly or impliedly" consented to the sale of the automobile to the plaintiff, who was a purchaser "from the buyer in the ordinary course of business."

As to his status as "buyer" it is immaterial whether Atkins was the assignee of Van Harken, or whether Van Harken remained the conditional vendee and authorized Atkins, by the trade-in, to sell whatever interest Van Harken held. Further, it is immaterial whether or not Atkins was clothed with agency by the defendant corporation, as long as its express or implied consent to a resale appears from the facts.

There was, as stated before, testimony to the effect that Atkins had informed the defendant of all matters incident to the return of the automobile by Van Harken, that notice was conveyed to defendant's manager, Agresti, that the automobile would be held for resale, as was the case of any car taken in trade.

It was at that time and not two years later that the defendant should have acted to protect its interest in the auomobile.

A failure to so act when cognizant of the information conveyed by Atkins could very properly be construed by the jury as implied consent by the defendant to a resale of the automobile.

It is argued by the defendant that the plaintiff did not attain the status of a "purchaser—in the ordinary course of business" due to the fact that he did not obtain the original bill of sale.

The Supreme Court held in *Finance Corporation of New Jersey* v. *Jones*, 97 *N. J. L.* 106; *affirmed*, 98 *Id*. 165, that

a duplicate bill of sale is admissible as tending to show that an automobile was purchased in the ordinary course of business.

The provisions of the Motor Vehicle Bill of Sales act (*supra*) are directed solely toward the prevention of traffic in stolen motor vehicles, and purposes to give the state, through its duly authorized agency, the power to supervise sales of automobiles. It has been expressly held that this act does not control the Conditional Sales act. *General Motor Acceptance Corp.* v. *Smith*, 101 *N. J. L.* 154.

From the evidence we think the jury justified in finding, as it must have done to render judgment for the plaintiff, that the defendant corporation expressly or impliedly consented that Atkins resell the Pierce Arrow automobile to the plaintiff, and that the plaintiff purchased the car for value in the ordinary course of business.

From the finding of these facts it follows, under the provisions of the ninth section of the Conditional Sales act, *supra,* that the reservation of the property made in the bill of conditional sale of July 1st, 1931, by the defendant corporation was void as to the plaintiff, notwithstanding the contract was filed in accordance with the act.

This leads us to conclude that the trial court committed no error in refusing to charge the request of the defendant, which request, if charged, would have been tantamount to a directed verdict for the defendant. The issue was clearly one for the jury to decide.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.